UNITED STATES DISTRICRT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


M.C., an indivudual, and C.M., an individual,

                              Plaintiffs,              Case No. 6:18-cv-1486-Orl-41TBS

vs.

JEFFREY GEIGER, an individual, and
JOHN DOE, an individual,

                              Defendants.
_____/

## PLAINTIFF'S MOTION OR LEAVE TO SERVE NON-PARTY SUBPOENAS PRIOR TO RULE 26(f) CONFERENCE AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs M.C. and C.M, pursuant to M.D. Fla. L.R. 3.01, move this Court for entry of an Order granting Plaintiffs leave to issue subpoenas in advance of the conference required by Fed. R. Civ. P. 26(f) in order to identify the John Doe defendant to this cause. In support of their motion, Plaintiffs show the Court, as follows:

1.      By this action, Plaintiffs seek to prevent the harassment and distress caused by Defendants' wrongful procurement and misuse of Plaintiffs' copyrighted images.

2.      Plaintiffs sued *inter alia* a "John Doe" defendant who hides behind a variety of online and social media monikers that mask his identity and who otherwise employs these identities to publish photographs of M.C. and C.M. to various online platforms.

3.      In an effort to unmask the John Doe and allow for this matter to proceed on its substance with all necessary parties present, Plaintiffs seek to serve subpoenas to the various social media and telecommunications platforms that are in possession of the data and information that would allow Plaintiffs to identify the John Doe defendant.

4.      There is no harm or prejudice to any party by authorizing Plaintiffs to issue the intended subpoenas, as identifying John Doe brings all parties before the Court and increases the speed at which this matter may be brought to resolution on the substance.

5.      Authorizing the subpoenas' issuance is consistent with the law, as set forth below, and otherwise within the Court's discretion.

**WHEREFORE**, Plaintiffs request that the Court grant Plaintiffs leave to issue and serve subpoenas to the non-party social media, web hosting, and telecommunications platforms employed by John Doe for the limited purposes of identifying John Doe prior to the convening of the Fed. R. Civ. P. 26(f) conference and for such additional relief as this Court deems just and appropriate.

## MEMORANDUM OF LAW

### I.      INTRODUCTION

Plaintiffs M.C. and C.M. filed the underlying complaint in order to stop Defendants Jeffrey Geiger and John Doe from harassing and stalking them and from disseminating copyrighted images of them. Defendant Doe uses anonymous usernames to evade detection while he publishes nude photographs of M.C. online without her authorization or consent, and harasses and extorts her. His conduct puts M.C. in fear for her safety, jeopardizes her professional reputation and causes her extreme emotional distress. Expedited discovery is

necessary to deanonymize John Doe, effectuate service of process upon him, and pursue legal action so that he is stopped from continuing to destroy Plaintiff M.C.'s life.

Good cause exists and there is minimal harm to the defendants or the social media companies to whom subpoenas will be sent in order to deanonymize Defendant Doe. Any possibility of harm to defendants is outweighed by the need for early discovery to continue to pursue this action and end Plaintiffs' distress. "In the consideration of the administration of justice," the need for this discovery outweighs the minimal prejudice to defendants. *Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).*

II.   **STATEMENT OF FACTS**

Since 2014, Defendant Doe has continued to publish nude photographs of Plaintiff M.C. onto various online forums, including well-traveled popular websites, 4chan.org and thebarchive.com, without Plaintiff M.C.'s consent or authorization. *See Complaint* ¶25, 33. The online postings identify Plaintiff M.C. by name and include images of her face making her identifiable and accessible. *Id*. ¶26.   John Doe then encourages the thousands of strangers who view M.C.'s private, copyrighted photographs to harass her by contacting her through whatever means available. *Id*. ¶29-30. As a result, M.C. has been inundated with phone calls, text messages, emails, Instagram, Facebook and Twitter messages from many strangers for years. *Id*. ¶30. These unsolicited and unwelcome contacts continue to this day. *Id*. ¶33.

Operating under fake online usernames, Defendant Doe has also used the nude photographs to extort Plaintiff M.C. *Id*. ¶29. For years he has demanded she provide additional nude photographs under threats of distributing her contact information and

encouraging strangers to harass her, and threats to re-disseminate the images and send them to M.C.'s family and professional contacts. *Id*. Defendant Doe has made good on his threats and has sent the graphic photographs to M.C.'s professional associates. *Id*. ¶32. The extortion and directed harassment continue to date. *Id*. ¶31, 33. Doe has used the following social media platforms and phone services to threaten and harass M.C.: Kik, Facebook, Twitter, Gmail, Photographer.net, Snapchat, and a T-Mobile phone number. *See Id*. ¶28

M.C. and C.M. sued Defendant Doe as a "Doe" defendant because he has committed unlawful actions by using online pseudonyms to evade detection. He has used several different online "user names" but has never revealed his true legal name or identity despite years of harassment inflicted against Plaintiff M.C.

The only way Plaintiffs can determine Defendant Doe's actual identity is from the non-party social media platforms and websites which Defendant Doe uses to inflict harm upon M.C. and C.M. The social media companies Doe uses can readily identify their users' information such as name, address, phone number, email address, and Internet Protocol ("IP"). The companies maintain these records in the regular course of their businesses. Accordingly, Plaintiffs seek leave of this Court to serve limited discovery prior to a Rule 26(f) conference on several non-party entities solely to determine the true identity of Defendant John Doe as along with any other offenders Plaintiffs can identify through the course of this litigation. Plaintiffs request that the Court enter an order allowing Plaintiffs to serve Rule 45 subpoenas on these entities. Once these social media companies comply with the subpoenas and provide IP addresses, Plaintiffs may subsequently submit additional subpoenas for the Internet Service Providers ("ISPs") of those identified IP

addresses. If the ISPs cannot themselves identify Defendant Doe but can identify an intermediary ISP as the entity providing online services and/or network access to Doe, Plaintiffs will then serve a subpoena on that ISP requesting the identifying information for the Defendant Doe. In either case, these ISPs will be able to notify their subscribers that this information is being sought, and, if so notified, Defendant Doe will have the opportunity to raise any objections before this Court. Thus, to the extent that Defendant wishes to object, he or she will be able to do so. However, there is minimal, if any, prejudicial effect on the defendants by allowing for early discovery.

### III. <u>ARGUMENT</u>

#### a. GOOD CAUSE EXISTS TO ORDER EXPEDITED DISCOVERY

It is well established that a court has broad discretion in managing discovery. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005). A court may grant discovery before the Rule 26(f) conference if "good cause" for early discovery is shown. *Fed. R. Civ. P. 26(d)(1); Tracfone Wireless, Inc. v. Holden Prop. Servs. LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014). Courts will permit early discovery in order to identify a John Doe defendant so that the plaintiff may serve process and the case can proceed. *See, e.g., Digital Sin*, Inc. v. John Does 1-176, 279 F.R.D. 239 (S.D.N.Y 2012).

Courts within the Eleventh Circuit have frequently permitted a plaintiff to issue a Rule 45 subpoena information to identity an unknown copyright infringer. *See, e.g.*, *Dallas Buys Club LLC v. Doe, 6*, No. 6:14CV1011(ORL), 2014 WL 12610666 (M.D. Fla. July 30, 2014); *Voltage Pictures LLC v. Doe 4*, No. 6:13CV688(ORL), 2013 WL 3422970

(M.D. Fla. July 8, 2013). As described in more detail below, Plaintiffs have sufficiently plead a prima facie claim of copyright infringement against Defendant Doe.

In their complaint, Plaintiffs allege that Doe has communicated with Plaintiff M.C. on several occasions on various social media platforms for years. He uses a set of limited and distinctive user names and language in his communications with her. *See Complaint* at ¶ 28. In controlling these distinctively named accounts Doe employed the same or similar language, tactics, and images in his communications, which have been documented and preserved as evidence. *Id*. ¶28-32. Doe has also communicated via email with Defendant Geiger from an identifiable Gmail account and the same Gmail account he used to communicate with M.C. Id. ¶42, ¶44. The allegations in the Complaint demonstrate that Plaintiffs have been attacked by a real person who has operated in the technological shadows of fictitious names. The ample electronic record of the individual currently named as "John Doe" makes it clear that a specific "real party under a fictitious name" can and will be identified. *See Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

Florida's long arm jurisdiction statute provides that a nonresident of the state submits himself or herself to Florida courts' jurisdiction for any cause of action if said person "commits a tortious act within the state." F.S.A. §48.193. Under Florida law a nonresident defendant commits a tortious act within Florida for purposes of Florida's long-arm statute when he commits an act outside the state that causes injury within Florida. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013). Physical presence in Florida is not necessary where the alleged tort is accomplished "by making telephonic, electronic, or written communications into this State, provided that the tort alleged arises

from such communications." *Reflection Mfg., LLC v. I.S.A. Corp.*, No. 6:10CV1951(ORL), 2011 WL 972570, at 8 (M.D. Fla. Mar. 18, 2011).

Even if Doe is located outside of Florida, this Court will still have jurisdiction because of Doe's actions intentionally were directed to, and caused injury to M.C., a Florida resident. Doe published photographs in violation of M.C.'s copyright and harassed, extorted, and stalked her, all while she was a Florida resident. In doing so, John Doe causes foreseeable harm in Florida where M.C. resides and has therefore subjected himself to Florida's long-arm jurisdiction.

**A.  Plaintiffs Have Made a Good Faith Effort to Locate John Doe.**

Since 2014, Plaintiffs have been tracking and attempting to trace John Doe. They have been collecting all of the evidence of his conduct, have specifically connected him to the harassment, and have identified his unique language and tactics. John Doe's identity and conduct are known and can be described with particularity. In fact, John Doe a.k.a. "joe bummer" a.k.a. "anonmail4647@gmail.com" can be specifically identified in all respects except with regard to his legal name. However, Doe's legal name and location information are not available to lay users of the internet and so Plaintiffs have no opportunity to obtain that information without discovery.

**B.  Plaintiffs' Complaint Could Withstand a Motion to Dismiss.**

In order for Plaintiffs to withstand a motion to dismiss they must present a prima facie claim of copyright infringement. A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499

U.S. 340, 361 (1991). [A]n author has a valid copyright in an original work at the moment it is created—or, more specifically, fixed in any tangible medium of expression." *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,* 684 F.2d 821, 823 n. 1 (11th Cir.1982) (*citing* 17 U.S.C. § 102(a)). "[C]opyright registration is not a prerequisite to copyright protection." *Id.* Moreover, registration of a copyright "is not obligatory, although registration is a prerequisite to an infringement suit in certain circumstances and also is a prerequisite to certain infringement remedies." *Id.* (*citing* 17 U.S.C. §§ 408, 411, and 412). *McCaskill v. Ray*, 279 F. App'x 913, 916 (11th Cir. 2008). However, a certificate of registration from the United States Copyright Office is *prima facie* evidence of the copyrightability of work if it is timely made. *Odom v. Navarro*, No. 09-21480-CIV, 2010 WL 11505459, at 3 (S.D. Fla. Mar. 11, 2010) *citing S. Bell Tel. & Tel. Co. v. Assoc. Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985); 17 U.S.C. § 410(c) (providing that a certification of registration made "before or within five years after first publication of the work shall constitute prima face evidence of the validity of the copyright").

To establish copyright infringement, a plaintiff must show the defendant had access to plaintiff's work and defendant's work is so substantially similar to plaintiff's that "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *See Original Appalachian Artworks, Inc., supra* at 829 (quotations omitted). *McCaskill v. Ray*, *supra* at 916.

As of June 28, 2018, Plaintiff M.C. has been the sole owner of all photographs originally taken by Photographer Coleman. The copyright ownership of these photographs

was transferred and then registered with the United States Copyright Office, under copyright registration number VAu-1-321-341. *See Complaint* at ¶ 35.  Within the five years prior to Plaintiff's copyright registration, Defendant Doe began, and continues still now, to post the photographs online in violation of M.C.'s copyright. *Id.*at ¶ 33. M.C. is also the valid copyright holder of all personal photographs she took of herself which wound up in Doe's possession after Defendant Geiger gained access to them and provided them to Doe. *Id.*at ¶ 44. As the creator of these photographs, M.C. should be considered the valid copyright holder of these photographs since their creation, and registration of said copyright is unnecessary to plead infringement. *See Original Appalachian Artworks, Inc., supra* at 823.  Defendant Doe continues to post these photographs as well.

The photos posted by Defendant Doe are exact digital copies of the photographs originally created by Plaintiff herself, and those originally photographed by Coleman but copyrighted by plaintiff since June 2018. Therefore "an average lay observer" would recognize that the photos were the original copyrighted ones, pursuant to *Original Appalachian.* Plaintiff has shown Defendant Doe had access to the original photos. First, Doe gained unauthorized access to the "Zenfolio" account where the photos taken by Coleman had been stored. *Complaint* at ¶ 23. Subsequently, Defendant Geiger admitted to providing the additional self-taken photos directly to Doe. *Id.*at ¶ 7 and  44. Accordingly, Plaintiffs will survive a motion to dismiss since they have sufficiently plead a prima facie case of copyright infringement.

**C.  There is a Reasonable Likelihood the Proposed Discovery Will Uncover the Identity of John Doe.**

The subpoenas sent to Google, Facebook, Twitter, Kik, T-Mobile and other subpoenas sent subsequently after receiving responses from these social media companies are likely to yield information needed to identify Doe, including his legal name and his IP address.

**D.  There is No Prejudice to the Social Media Companies from the Proposed Discovery.**

The proposed discovery will not prejudice any of the social media companies or websites subpoenaed, *Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"). All social media companies and websites subpoenaed are established providers who keep, or should keep, records of users' information. These companies routinely handle discovery requests and there would be little burden to produce responsive records. Plaintiffs, on the other hand, face the very real possibility that any relevant ISP will destroy its logs prior to the FRCP 26(f) conference, further demonstrating their immediate need for the subpoenaed information. *See,* e.g. *Good Man Productions, Inc. v. John* Doe, 2015 WL 310603 (M.D. Fla. Jan. 2015). Accordingly any prejudice to the responding parties is minimal and outweighed by Plaintiffs' need for expedited discovery to identify John Doe.

**IV.    <u>CONCLUSION</u>**

For the reasons stated herein, Plaintiffs respectfully submit that this Court should grant the Motion for Leave for Early Discovery prior to Rule 26 Conference and enter an

Order substantially in the form of the attached Proposed Order. Plaintiff requests permission to serve a Rule 45 subpoena on the social media platforms and companies it has identified as of this date and the Internet Service Providers for the IP addresses which will be disclosed after the first round of subpoenas.

Plaintiffs will only use this information to pursue the claims outlined in their Complaint. Without this information, Plaintiffs cannot pursue their lawsuit to protect themselves against past, ongoing, and repeated infringement, harassment and abuse and will be irreparably harmed.

**WHEREFORE**, Plaintiffs request that the Court grant Plaintiffs leave to issue and serve subpoenas to the non-party social media, web hosting, and telecommunications platforms employed by John Doe for the limited purposes of identifying John Doe prior to the convening of the Fed. R. Civ. P. 26(f) conference and for such additional relief as this Court deems just and appropriate.

Respectfully submitted,

By: _____
Kai Jacobs, Esq. – Trial Counsel
*Counsel for Plaintiffs*
Florida Bar No. 987336
Kai Jacobs, P.A.
2222 Ponce de Leon Blvd, Suite 300
Coral Gables, FL 33134
Tel.: 305.768.9846
Fax: 305.384.4661
kj@kaijacobs.com

Carrie Goldberg, Esq. (admitted *pro hac vice* admission)
*Counsel for Plaintiffs*
C.A. Goldberg PLLC
16 Court Street, Suite 2500

1Brooklyn, NY 11241
Tel. (646) 666-8908
Fax. (718) 514-7436
carrie@cagoldberglaw.com

Lindsay Lieberman, Esq.
*Counsel for Plaintiffs*
C.A. Goldberg PLLC
16 Court Street, Suite 2500
Brooklyn, NY 11241
Tel. (646) 666-8908
Fax. (718) 514-7436
lindsay@cagoldberglaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on Defendant Jeffrey Geiger, 1 River Road, Lewiston, Maine 04240 this 24th day of October 2018.

_____
Kai E. Jacobs, Esq.