UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MADISON CONRADIS and CHRISTINE MESSIER,

    Plaintiffs,

v.

Case No: 6:18-cv-1486-Orl-TBS

JEFFREY GEIGER and JOHN DOE,

    Defendants.

## ORDER[1]

This case comes before the Court on Defendant Jeffrey Geiger's Partial Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. 40). Plaintiffs oppose the motion (Doc. 48).

### Background

Plaintiffs Madison Conradis and Christine Messier allege that when they were college students, they occasionally modeled to earn money for tuition (Doc. 37, ¶ 20). In 2011, photographer Gregory Coleman took a total of 146 photographs of Conradis, some of which show her in lingerie (Id., ¶ 21). She denies that any of these images depict her in the nude but says Coleman "utilized selective camera and body angles as to make her appear nude" (Id., ¶ 21). Conradis entered into a contract with Coleman that barred him from publishing the photographs without her consent or using them for "pornographic or other illicit purposes" (Id., ¶ 22). Conradis denies publishing the photographs or otherwise

---

[1] On January 22, 2019, both parties consented to the exercise of jurisdiction by a magistrate judge (Doc. 47 at 2; Doc. 50). The case was referred to me by an Order of Reference on January 23, 2019 (Doc. 49).

releasing them online but says Coleman stored them on Zenfolio, a website notoriously susceptible to being hacked (Id., ¶ 23).

Plaintiffs allege that in 2011, Defendant John Doe exploited Zenfolio's vulnerabilities and stole intimate images of Conradis from online photo servers (Id., ¶¶ 3, 24). In 2014 Conradis began receiving messages on Facebook from strangers who commented on the explicit photographs (Id., ¶ 25). "Some of the messages contained screenshots that she recognized as images from the photoshoot with Coleman." (Id.). Conradis searched Google Images and discovered that photographs of her had been posted on other online forums without her knowledge or consent (Id.). She alleges that these images are highly identifiable because her face and distinctive tattoo are visible (Id., ¶ 26). Conradis claims John Doe spent seven years disseminating photographs of her "on various porn sites and invented social media accounts through which he harassed and blackmailed her. When Conradis refused to comply with John Doe's demands for more images, he sent the pictures to people she knew." (Id., ¶¶ 4, 28-29, 31-32). John Doe also allegedly recruited and incited others to harass and threaten Conradis (Id., ¶¶ 4, 29). She says John Doe published her contact information and that she "was inundated with phone calls, text messages, emails, and Instagram, Facebook, and Twitter messages" (Id., ¶ 30).

In 2016, Conradis began dating Defendant Jeffrey Geiger (Id., ¶ 5). They maintained a long-distance relationship which included exchanging "sexual photographs each took of him or herself." (Id., ¶ 37). "Madison Conradis trusted Geiger and it was understood that the pictures were for his private enjoyment only … [and] Madison Conradis did not give Geiger permission to share the images with anyone or publish them at any time." (Id., ¶ 38). Conradis alleges that these personal images, along with the Coleman images, were stored in a secure electronic Dropbox, which also contained

several images of her twin sister, Plaintiff Christine Messier "which were inadvertently transferred to this Dropbox account when other devices storing both Plaintiffs' photographs were consolidated there." (Id., ¶ 39).

Conradis maintains that John Doe's harassment persisted and she "confided in Geiger about the tremendous toll the harassment took on her" (Id., ¶ 40). Plaintiffs allege that despite being openly sympathetic, Geiger secretly reached out to John Doe through social media (Id., ¶¶ 5, 40). In 2018, Conradis discovered that there were new, more intimate and revealing images of herself online and also images of Messier (Id., ¶¶ 6, 42-43). Geiger "admitted to having supplied these images to John Doe." (Id., ¶¶ 7, 44). Plaintiffs maintain that neither Defendant had "permission to share, publish, post, or in any way disseminate the intimate images of either plaintiff." (Id., ¶ 8). In June 2018, Conradis obtained a copyright for the 146 photographs taken of her by Coleman (Id., ¶¶ 33-35). Plaintiffs allege that Defendants' actions ruined "their careers, families, and mental health." (Id., ¶ 10). Plaintiffs bring this lawsuit against Geiger and John Doe for copyright infringement; civil conspiracy; invasion of privacy by intrusion; invasion of privacy by publication of private facts; intentional infliction of emotional distress; and violation of Florida's Sexual Cyberharassment Law, FLA. STAT § 784.049 (Id.).

When Plaintiffs filed this case, they sought leave to proceed anonymously (Doc. 8). After Geiger was served, he filed a motion to dismiss on the ground that Plaintiffs had violated FED. R. CIV. P. 10 by proceeding anonymously (Doc. 29). The Court struck the motion because it failed to comply with Local Rule 3.01(a) (Doc. 30). Geiger refiled his corrected motion a week later (Doc. 33). The corrected motion stated that dismissal was sought "pursuant to FED. R. CIV. P. 10 and 12" (Id., at 1). The Court denied Plaintiffs' motion to proceed anonymously (Doc. 35), and they amended complaint which now identifies Plaintiffs by their true names (Doc. 37). Once the amended complaint was filed,

the Court denied as moot, Geiger's motion to dismiss (Doc. 38). Geiger subsequently filed this motion to dismiss on FED. R. CIV. P. 12(b)(6) and 12(e) grounds (Doc. 40). The grounds argued in the motion were available to Geiger when he filed his original and corrected motions to dismiss (Doc. 1).

Successive motions to dismiss are generally not permitted. "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Rules 12(h)(2) and (3) provide:

> (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
>
> > (A) in any pleading allowed or ordered under Rule 7(a);
> >
> > (B) by a motion under Rule 12(c); or
> >
> > (C) at trial.
>
> (3) Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

FED. R. CIV. P. 12(h)(2) - (3). The commentary to the rule explains:

> Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion. Amended subdivision (g) is to the same effect. This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case. For exceptions to the requirement of consolidation, see the last clause of subdivision (g), referring to new subdivision (h)(2).

Advisory Committee Notes 1966 Amendment.

Geiger's first motion to dismiss was based on Rule 10, his second motion cited Rules 10 and 12, and his third motion is based on Rules 12(b)(6) and 12(e) (Doc. 29; Doc. 33 at 1; Doc. 40). Even though Geiger did not previously seek relief under a specific Rule 12 subsection, the allegations in his first two motions necessarily triggered Rule 12(e), as it is the vehicle by which Rule 10 violations are addressed by the Court. "[T]he proper method for seeking compliance under Rule 10 is actually a motion for a more definite statement under Rule 12(e)." Chen v. Cayman Arts, Inc., No. 10-80236-CIV, 2011 WL 1085646, at *2 (S.D. Fla. Mar. 21, 2011) (citing Anderson v. Dist. Bd of Tr. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) ("defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.")). Consequently, with the filing of the instant motion, the Court has been called upon to adjudicate three Rule 12-based matters.

The exceptions in Rule 12(h)(2) and (3) do not apply to permit Geiger to file successive motions to dismiss. He has not challenged the Court's subject-matter jurisdiction, he has not filed a pleading or a motion for judgment on the pleadings, and the case has not gone to trial. See Hummel v. Tamko Bldg. Prod., Inc., No. 6:15-cv-910-Orl-40GJK, 2016 WL 7340301, at *4 (M.D. Fla. Mar. 28, 2016). Consequently, Defendant Jeffrey Geiger's Partial Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. 40) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on February 5, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Any Unrepresented Parties