UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| M.C., and individual; and<br>C.M., an individual;<br><br>        Plaintiffs,<br><br>  v.<br><br>JEFFREY GEIGER, an individual; and<br>JOHN DOE, an individual.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   CASE NO.:  6:18-CV-1486-ORL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JEFFREY GEIGER'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Jeffrey Geiger ("Geiger") by and through undersigned counsel, files his

Answer and Affirmative Defenses to the Amended Complaint as follows:

## PRELIMINARY STATEMENT

1.     Without knowledge, therefore, denied.

2.     Denied.

3.     Without knowledge, therefore, denied.

4.     Without knowledge, therefore, denied.

5.     Admitted that Conradis and Geiger discussed the harassment by John Doe.

Denied as to the remaining allegations.

6.     Without knowledge, therefore, denied.

7.     Denied.

8.     Denied as to the allegations relating to Jeffrey Geiger. Without knowledge as to

the remaining allegations, therefore, denied.

9.     Without knowledge, therefore, denied.

10.     Without knowledge, therefore, denied.

11.     Denied as to the allegations as to Jeffrey Geiger. Without knowledge as to the remaining allegations, therefore, denied.

12.     Without knowledge, therefore, denied.

## PARTIES

13.     Admitted for jurisdictional purposes only.

14.     Admitted for jurisdictional purposes only.

15.     Admitted for jurisdictional purposes only.

16.     Without knowledge, therefore, denied.

## JURISDICTION & VENUE

17.     Denied.

18.     Without knowledge, therefore denied.

19.     Denied.

## FACTUAL BACKGROUND

20.     Admitted.

21.     Without knowledge, therefore, denied.

22.     Without knowledge, therefore, denied.

23.     Without knowledge, therefore, denied.

24.     Without knowledge, therefore, denied.

25.     Without knowledge, therefore, denied.

26.     Without knowledge, therefore, denied.

27.     Without knowledge, therefore, denied.

28.     Without knowledge, therefore, denied.

29.     Without knowledge, therefore, denied.

30.     Without knowledge, therefore, denied.

31.     Without knowledge, therefore, denied.

32.     Without knowledge, therefore, denied.

33.     Without knowledge, therefore, denied.

34.     Without knowledge, therefore, denied.

35.     Without knowledge, therefore, denied.

36.     Without knowledge, therefore, denied.

37.     Admitted that Conradis and Geiger exchanged sexual photographs. Denied as to the remaining allegations.

38.     Denied that Conradis did not give Geiger permission to share the images with anyone or publish them at any time.  Without knowledge as to the remaining allegations, therefore, denied.

39.     Admitted that images of Conradis and Messier were stored in a Dropbox.  Denied as to the remaining allegations.

40.     Admitted that Conradis suffered online harassment from Doe and discussed the harassment with Geiger. Denied as to the remaining allegations.

41.     Without knowledge as to what time period is being referenced, therefore, denied.

42.     Without knowledge, therefore, denied.

43.     Without knowledge, therefore, denied.

44.     Denied.

45.     Denied.

46.    Denied.

47.    Without knowledge, therefore, denied.

## Count I – Copyright Infringement.

48-56. Count I does not allege a cause of action against Mr. Geiger. To the extent that this Court deems that Count I alleges a cause of action against Mr. Geiger, Mr. Geiger is without knowledge as to the allegations and denies such allegations.

## Count II – Civil Conspiracy

57.    Mr. Geiger adopts and realleges its answers contained in paragraphs 9 through 29 as if fully set forth within.

58.    Without knowledge, therefore, denied.

59.    Denied as to the allegations related to Mr. Geiger. Without knowledge as to the remaining allegations, therefore, denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

## Count III – Privacy By Intrusion

57.    Mr. Geiger adopts and realleges its answers contained in paragraphs 9 through 29 as if fully set forth within.

58.    Without knowledge, therefore, denied.

59.    Denied as to the allegations related to Mr. Geiger. Without knowledge as to the remaining allegations, therefore, denied.

60.    Denied.

61.    Denied.

62.     Denied.

63.     Denied.

### Count IV – Invasion of Privacy By Intrusion by Publication of Private Facts

64.     Mr. Geiger adopts and realleges its answers contained in paragraphs 9 through 29 as if fully set forth within.

65.     Without knowledge, therefore, denied.

66.     Denied.

67.     Without knowledge, therefore, denied.

68.     Denied that Mr. Geiger posted any intimate images.  Without knowledge as to the remaining allegations, therefore, denied.

69.     Denied that Geiger publicly disseminated any images.  Without knowledge as to the remaining allegations, therefore, denied.

70.     Denied.

### Count IV – Invasion of Privacy By Publication of Private Facts

71.     Mr. Geiger adopts and realleges its answers contained in paragraphs 9 through 29 as if fully set forth within.

72.     Denied that Mr. Geiger posted any intimate images.  Without knowledge as to the remaining allegations, therefore, denied.

73.     Without knowledge, therefore, denied.

74.     Denied that Mr. Geiger posted any intimate images.  Without knowledge as to the remaining allegations, therefore, denied.

75.     Without knowledge, therefore, denied.

76.     Denied that Mr. Geiger posted any intimate images.  Without knowledge as to the remaining allegations, therefore, denied.

77.     Without knowledge, therefore, denied.

### Count V – Intentional Infliction of Emotional Distress

78.     Mr. Geiger adopts and realleges its answers contained in paragraphs 9 through 29 as if fully set forth within.

79.     Denied as to the allegations related to Mr. Geiger. Without knowledge as to the allegations as to Defendant Doe, therefore, denied.

80.     Without knowledge, therefore, denied.

81.     Denied.

82.     Denied.

### Count VI – Violation of Florida's Sexual Cyberharassment Law

83.     Mr. Geiger adopts and realleges its answers contained in paragraphs 9 through 29 as if fully set forth within.

84.     Without knowledge, therefore, denied.

85.     Without knowledge, therefore, denied.

86.     Denied as the allegations relate to Mr. Geiger. Without knowledge as to the allegations as they relate to Defendant Doe, therefore, denied.

87.     Denied that Mr. Geiger published any images.  Without knowledge as to the remaining allegations, therefore, denied.

88.     Without knowledge, therefore, denied.

89.     Without knowledge, therefore, denied.

90.     Without knowledge, therefore, denied.

## DEMAND FOR JURY TRIAL

Plaintiffs seek a jury trial, although no trial is appropriate on the claims.

## PRAYER FOR RELIEF

Mr. Geiger denies that Plaintiffs are entitled to any relief, including the relief set forth in Paragraphs 1 through 7.

## AFFIRMATIVE DEFENSES

Without accepting the burden of proof on any matter unless the law providing for the defense actually places the burden on a defendant, the following are asserted:

1.     **Failure to State a Cause of Action.** Count I fails to state a cause of action for which relief may be granted as to Mr. Geiger.

2.     **Authorized Use**. To the extent that Count I attempts to assert a cause of action against Geiger such a claim fails as a matter of law because Geiger's purported use was authorized and/or subject to the doctrine of fair use.

3.     **Invalid Copyrigh**t.  To the extent that Count I attempts to assert a cause of action against Geiger such a claim fails as a matter of law because the copyright is invalid.

4.     **Public Domain**. To the extent that Count I attempts to assert a cause of action against Geiger such a claim fails as a matter of law because the images are in the public domain.

5.     **Unknowing or Innocent Infringement.** To the extent that Count I attempts to assert a cause of action against Geiger such a claim fails as a matter of law because the purported use was unknowing or innocent.

6.     **De Minimis**.  Plaintiffs' claims are barred as a matter of law because their purported damages are de minimis and Plaintiffs have not suffered any compensable damages caused by Mr. Geiger.

7.      **Laches**.  Plaintiffs claims are barred as a matter of law due to their unreasonable delay in filing a lawsuit.

8.      **Statute of limitations**.  To the extent that Plaintiffs claims rely on any actions taken prior to the expiration of the applicable statute of limitations, those claims should be barred.

9.      **Waiver and/or Estoppel.**  Plaintiffs claims are barred as a matter of law because of their conduct in putting their images in the public domain.

10.      **Privilege and/or Consent**.  Plaintiffs claims are barred as a matter of law because the alleged conduct as to Mr. Geiger was privileged and/or made with Plaintiffs consent.

11.      **Lack of Publication**.  Plaintiffs claim under §784.049 is barred because Mr. Geiger did not make any publication to the public at large.

12.      **Legitimate Purpose**. Plaintiffs claim under §784.049 is barred because Mr. Geiger had a legitimate purpose.

13.      **Lack of Personal Information**. Plaintiffs claim under §784.049 is barred because Mr. Geiger did not convey any personal information.

14.      **Contributory Negligence**. Plaintiffs claims are barred due to their contributory negligence in failing to act in an ordinary and reasonable manner.

15.      **Failure to Mitigate Damages**.  Plaintiffs claims are barred or their damages should be limited due to their failure to mitigate them, including but not limited to their putting of the images into public domain.

16.      **Lack of Publication**. The alleged disclosure of photographs by  Mr. Geiger was not made to the public at large or to so many persons that the matter must be regarded as substantially certain to become knowledgeable to the public at large. Accordingly, no cognizable claim for the invasion of privacy exists.

17.    **Lack of Intent**. Any alleged disclosure of photographs by Mr. Geiger was not done with any knowledge that such disclosure was or would be highly offensive or with reckless disregard of whether any disclosure was highly offensive.

**Dated:** February 19, 2019

*Respectfully submitted,*

*/s/ James E. Fakhoury*

**WILLIAM J. CANTRELL**
Florida Bar No. 103254
Primary email: wcantrell@cantrellpllc.com
Secondary email: admin@cantrellpllc.com
**JAMES E. FAKHOURY**
Florida Bar No. 0118644
Email: JFakhoury@cantrellpllc.com
CANTRELL, PLLC
111 2nd Ave NE., Ste. 1100
St. Petersburg, FL 33701
Telephone: 813.867.0115
Facsimile: 813.867.0116

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.