UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____

MADISON CONRADIS and individual; and
CHRISTINE MESSIER, an individual;
        Plaintiffs,

vs.                                                    Case No. 6:18-cv-1486-ORL

JEFFREY GEIGER, an individual; and
JOHN DOE, an individual.

        Defendants.

_____/

**NOTICE OF SERVICE OF JEFFREY GEIGER'S FIRST SET OF INTERROGATORES ON MADISON CONRADIS**

Defendant, Jeffrey Geiger, serves its First Set of Interrogatories upon Plaintiff Madison

Conradis to be answered in writing and under oath within thirty (30) days of the date of service

reflected.

 **Dated:** July 12, 2019

*Respectfully submitted,*
*/s/ James E. Fakhoury*
**JAMES E. FAKHOURY**
Florida Bar No. 0118644
Email: JFakhoury@cantrellpllc.com
**WILLIAM J. CANTRELL**
Florida Bar No. 103254
Primary email: wcantrell@cantrellpllc.com
Secondary email: admin@cantrellpllc.com
CANTRELL, PLLC
111 2nd Ave. NE., Ste. 1100
St. Peterburg, FL 33701
Telephone: 813.867.0115
Facsimile: 813.867.0116

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 12, 2019, I electronically served the foregoing to: Christine Messier ([christinebellmessier@gmail.com](mailto:christinebellmessier@gmail.com)) and Madison Conradis (madisonconradis@gmail.com)

*/s/ James E. Fakhoury*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____

MADISON CONRADIS and individual; and
CHRISTINE MESSIER, an individual;
     Plaintiffs,

vs.                                Case No. 6:18-cv-1486-ORL

JEFFREY GEIGER, an individual; and
JOHN DOE, an individual.

     Defendants.
_____/

## NOTICE OF SERVICE OF JEFFREY GEIGER'S FIRST SET OF INTERROGATORES ON MADISON CONRADIS

     Defendant, Jeffrey Geiger, hereby requests that Plaintiff, Madison Conradis answer the following interrogatories, under oath and in writing, within thirty (30) days from the date of service of these interrogatories.

## I.    DEFINITIONS

     1.    The terms "Madison" or "You" refer to Plaintiff, MADISON CONRADIS, including her agents, employees, representatives, or other persons acting, or purporting to act, on their behalf.

     2.    The term "Christine" refers to Plaintiff, CHRISTINE MESSIER, including her agents, employees, representatives, or other persons acting, or purporting to act, on their behalf.

     3.    The term "Plaintiffs" means Madison and Christine.

     4.    The term "Geiger" refers to Defendant, Jeffrey Geiger, including its agents, employees, representatives, or other persons acting, or purporting to act, on their behalf.

5.      The term "Doe" refers to Defendant, John Doe, including his agents, employees, representatives, or other persons acting, or purporting to act, on their behalf.

6.      The term "person" means any natural person, any business entity (whether a corporation, partnership, or other business association), any government or political subdivision thereof, or governmental body, commission board, agency, bureau, or department.

7.      The phrase "reflecting or relating to" or any variant thereof means constitutes, embodies, comprises, reflects, discusses, identified, states, comments on, responds to, describes, analyzes, contains information concerning, or is any way related, connected, associated, or pertinent to the stated subject matter.

8.      The terms "and" and "or" shall be construed both conjunctively and disjunctively so as to make each request inclusive rather than exclusive.  The singular form of any word includes the plural and *vice versa*; and the masculine includes the feminine and *vice versa*.

9.      The term "including" means including without limitation.

10.      The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

11.      The terms "pertain to" or "pertaining to" shall mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows refutes, disputes, rebuts, controverts, or contradicts.

12.      The term "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored

information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

## II. INSTRUCTIONS

1.      In each of your answers to these interrogatories, you are requested to provide not only such information as is in your possession, but also all information as is reasonably available, whether or not it is in your possession.  In the event you are able to provide only part of the information called for by any particular interrogatory, provide all of the information you are able to provide, and state the reason for your inability to provide the remainder.

2.      If you object to or otherwise decline to answer any part of an interrogatory, please provide all information called for in that portion of the interrogatory to which you do not object, or to which you do not decline to answer.  If you object to an interrogatory on the ground that it is too broad (i.e., that it calls for both information which is relevant to the subject matter of the action and for information which is not relevant), please provide such information as you concede to be relevant.  If you object to an interrogatory on the ground that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without undertaking such undue burden.  For those portions of any interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

## III. INTERROGATORIES

1.      For each cause of action in your Complaint, state in detail: (a) the amount of damages You claim to have suffered as a result of the actions or inaction of Geiger or Doe; (b) the

method and formula used by You to calculate each category of damages that You claim to have suffered; (c) identify all documents evidencing or concerning Your claimed damages and their calculation.

**Answer:**


2.      Please identify each copyrighted image of Plaintiffs that Geiger obtained, reproduced, and/or distributed. For each image, please identify the: (i) date it was obtained and/or reproduced by Geiger; (ii) the date it was disseminated, distributed and/or publicized by Geiger; (iii) the location and/or manner it was disseminated, distributed and/or publicized by Geiger;   and (vi) the associated copyright registration number.

**Answer:**



3.      Please state all facts and identify all documents to support your contention that Geiger and Doe had an agreement, as further detailed in Paragraphs 57-63 of the Amended Complaint.

**Answer:**

4.      Please identify all images of Plaintiffs that You allege were provided by Geiger to Doe which were disseminated, distributed and/or publicized by Doe. For each image, please state the: (i) date it was allegedly obtained by Geiger; and (ii) the date it was allegedly disseminated, distributed and/or publicized by Doe; and (iii) the location and/or manner the image was allegedly disseminated, distributed and/or publicized by Doe.

**Answer:**

5.      Please identify all images of Plaintiffs that You allege were provided by Geiger to any third-party, excluding Doe, which were disseminated, distributed and/or publicized by that third-party. For each image, please state the: (i) date it was allegedly obtained by Geiger; and (ii) the date it was allegedly disseminated, distributed and/or publicized by that third-party; and (iii) the location and/or manner the image was allegedly disseminated, distributed and/or publicized by that third-party.

**Answer:**

6.      Please identify all images of Plaintiffs you allege were disseminated, distributed and/or publicized directly by Geiger, as alleged in Count VI. For each image, please state the: (i) date it was allegedly disseminated, distributed and/or publicized by Geiger;  (ii) the date it was allegedly  disseminated, distributed and/or publicized by Geiger and (iii) the location and/or manner the image was  allegedly disseminated, distributed and/or publicized by Geiger.

**Answer:**

7.     Please describe in detail all alleged harassment, fear, embarrassment, lost professional opportunities, prestige, and strain on personal relationships that You allege you suffered, as further detailed in Paragraphs 70 and 89 of the Amended Complaint.

**Answer:**




8.     Please state all facts to support your assertion that Geiger published images of You, as detailed in Paragraph 86 of the Complaint. For each image, please identify the publishing and all documents evidencing or concerning the alleged publishing.

**Answer:**




9.     Please state all facts to support your assertion that Geiger deliberately or recklessly intended to cause You emotional distress, as alleged in Paragraph 79 of the Amended Complaint.

**Answer:**




10.     Please identify all postings or other means of publication of images of Plaintiffs, which you allege were posted by Geiger.

**Answer:**

11.     Please describe in detail how Geiger obtained access to the Dropbox described in Paragraph 39 of the Amended Complaint and whether the access was authorized.

**Answer:**

12.     Please describe in detail why You had images of Messier on the Dropbox described in Paragraph 39 of the Amended Complaint.

**Answer:**

13.     Please describe in detail the facts surrounding your ending your relationship with Geiger as described in Paragraph 45, including the: (i) date; (ii) manner; and (iii) identifying all documents related to the termination of your relationship.

**Answer:**

## **Verification**

I swear that the foregoing interrogatory answers are true and correct to the best of my

knowledge and belief.

MADISON CONRADIS

By:_____

Dated: _____

STATE OF FLORIDA            )
                            )ss.
COUNTY OF _____  )

The foregoing instrument was subscribed, sworn to and acknowledged before me this _____
day of _____, 2019, by _____, who is personally known to me____ or
who  produced _____ as identification.

NOTARY PUBLIC

Sign:_____

Print:_____

(Seal)                      State of Florida at Large
                            My commission expires:

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____

MADISON CONRADIS and individual; and
CHRISTINE MESSIER, an individual;
        Plaintiffs,

vs.                                      Case No. 6:18-cv-1486-ORL

JEFFREY GEIGER, an individual; and
JOHN DOE, an individual.

        Defendants.
_____/

**NOTICE OF SERVICE OF JEFFREY GEIGER'S FIRST SET OF INTERROGATORES ON CHRISTINE MESSIER**

Defendant, Jeffrey Geiger, serves its First Set of Interrogatories upon Plaintiff Christine

Messier to be answered in writing and under oath within thirty (30) days of the date of service

reflected.

 **Dated:** July 12, 2019

*Respectfully submitted,*
*/s/ James E. Fakhoury*
**JAMES E. FAKHOURY**
Florida Bar No. 0118644
Email: JFakhoury@cantrellpllc.com
**WILLIAM J. CANTRELL**
Florida Bar No. 103254
Primary email: wcantrell@cantrellpllc.com
Secondary email: admin@cantrellpllc.com
CANTRELL, PLLC
111 2nd Ave. NE., Ste. 1100
St. Peterburg, FL 33701
Telephone: 813.867.0115
Facsimile: 813.867.0116

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2019, I electronically served the foregoing to: Christine Messier (christinebellmessier@gmail.com) and Madison Conradis (madisonconradis@gmail.com)

*/s/ James E. Fakhoury*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____

MADISON CONRADIS and individual; and
CHRISTINE MESSIER, an individual;
     Plaintiffs,

vs.                              Case No. 6:18-cv-1486-ORL

JEFFREY GEIGER, an individual; and
JOHN DOE, an individual.

     Defendants.
_____/

### NOTICE OF SERVICE OF JEFFREY GEIGER'S FIRST SET OF INTERROGATORES ON CHRISTINE MESSIER

Defendant, Jeffrey Geiger, hereby requests that Plaintiff, Christine Messier answer the following interrogatories, under oath and in writing, within thirty (30) days from the date of service of these interrogatories.

## I.    DEFINITIONS

1.    The term "Madison" refers to Plaintiff, MADISON CONRADIS, including her agents, employees, representatives, or other persons acting, or purporting to act, on their behalf.

2.    The terms "Christine" or "You" refer to Plaintiff, CHRISTINE MESSIER, including her agents, employees, representatives, or other persons acting, or purporting to act, on their behalf.

3.    The term "Geiger" refers to Defendant, Jeffrey Geiger, including its agents, employees, representatives, or other persons acting, or purporting to act, on their behalf.

4.    The term "Doe" refers to Defendant, John Doe, including his agents, employees, representatives, or other persons acting, or purporting to act, on their behalf.

5.      transcripts, indexes, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, tapes, photographs and photographic films, sound recordings, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, computer data files, tapes, electronic media, inputs or outputs, and other computer-readable records or programs, all electronically stored or created data, whether written, typed, printed, punched, filmed, marked in any way, data or information stored in any form readable or accessible by computer including, but not limited to, magnetic tape storage media, hard disks, hard drives, floppy disks, compact disks, computer tapes, memory and magnetic tapes of any kind backup copies and "deleted" files on any computer storage device or media, including the printed output of any such electronic data/communications, processing equipment or magnetically stored information, computer memory, optical media, magneto media, and other physical media on which notations or making of any kind can be affixed whether located on-site or off-site.  All drafts, copies or preliminary materials which are different in any way from the executed or final documents shall be considered to be additional documents as the terms as used herein.

6.      The term "communication(s)" shall mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face, or by telephone mail, e-mail, computer disk, telecopy or facsimile, personal delivery, documents, or otherwise.

7.      The term "person" means any natural person, any business entity (whether a corporation, partnership, or other business association), any government or political subdivision thereof, or governmental body, commission board, agency, bureau, or department.

8.     The phrase "reflecting or relating to" or any variant thereof means constitutes, embodies, comprises, reflects, discusses, identified, states, comments on, responds to, describes, analyzes, contains information concerning, or is any way related, connected, associated, or pertinent to the stated subject matter.

9.     The terms "and" and "or" shall be construed both conjunctively and disjunctively so as to make each request inclusive rather than exclusive.  The singular form of any word includes the plural and *vice versa*; and the masculine includes the feminine and *vice versa*.

10.     The term "including" means including without limitation.

11.     The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

12.     The terms "pertain to" or "pertaining to" shall mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows refutes, disputes, rebuts, controverts, or contradicts.

13.     The term "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

## II.   INSTRUCTIONS

1.      In each of your answers to these interrogatories, you are requested to provide not only such information as is in your possession, but also all information as is reasonably available, whether or not it is in your possession.  In the event you are able to provide only part of the information called for by any particular interrogatory, provide all of the information you are able to provide, and state the reason for your inability to provide the remainder.

2.      If you object to or otherwise decline to answer any part of an interrogatory, please provide all information called for in that portion of the interrogatory to which you do not object, or to which you do not decline to answer.  If you object to an interrogatory on the ground that it is too broad (i.e., that it calls for both information which is relevant to the subject matter of the action and for information which is not relevant), please provide such information as you concede to be relevant.  If you object to an interrogatory on the ground that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without undertaking such undue burden.  For those portions of any interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

## III.   INTERROGATORIES

1.      Please state the full name and address of John Doe.

**Answer:**

2.      For each cause of action in your Complaint, state in detail: (a) the amount of damages You claim to have suffered as a result of the actions or inaction of Geiger or Doe; (b) the method and formula used by You to calculate each category of damages that You claim to have suffered; (c) identify all documents evidencing or concerning Your claimed damages and their calculation.

**Answer:**

3.      Please state all facts and identify all documents to support your contention that Geiger and Doe had an agreement, as further detailed in Paragraphs 57-63 of the Amended Complaint.

**Answer:**

4.      Please identify all images of Plaintiffs that You allege were provided by Geiger to Doe which were disseminated, distributed and/or publicized by Doe. For each image, please state the: (i) date it was allegedly obtained by Geiger; and (ii) the date it was allegedly disseminated, distributed and/or publicized by Doe; and (iii) the location and/or manner the image was allegedly disseminated, distributed and/or publicized by Doe.

**Answer:**

5.     Please identify all images of Plaintiffs that You allege were provided by Geiger to any third-party, excluding Doe, which were disseminated, distributed and/or publicized by that third-party. For each image, please state the: (i) date it was allegedly obtained by Geiger; and (ii) the date it was allegedly disseminated, distributed and/or publicized by that third-party; and (iii) the location and/or manner the image was allegedly disseminated, distributed and/or publicized by that third-party.

**Answer:**

6.     Please identify all images of Plaintiffs you allege were disseminated, distributed and/or publicized directly by Geiger, as alleged in Count VI. For each image, please state the: (i) date it was allegedly disseminated, distributed and/or publicized by Geiger;  (ii) the date it was allegedly  disseminated, distributed and/or publicized by Geiger and (iii) the location and/or manner the image was  allegedly disseminated, distributed and/or publicized by Geiger.

**Answer:**

7.      Please describe in detail all alleged harassment, fear, embarrassment, lost professional opportunities, prestige, and strain on personal relationships that You allege you suffered, as further detailed in Paragraphs 70 and 89 of the Amended Complaint.

**Answer:**

8.      Please state all facts to support your assertion that Geiger published images of You, as detailed in Paragraph 86 of the Complaint. For each image, please identify the publishing and all documents evidencing or concerning the alleged publishing.

**Answer:**

9.      Please state all facts to support your assertion that Geiger deliberately or recklessly intended to cause You emotional distress, as alleged in Paragraph 79 of the Amended Complaint.

**Answer:**

10.     Please identify all postings or other means of publication of images of Plaintiffs, which you allege were posted by Geiger.

**Answer:**

11.     Please describe in detail how Geiger obtained access to the Dropbox described in Paragraph 39 of the Amended Complaint and whether the access was authorized.

**Answer:**

12.     Please describe in detail why You had images of Messier on the Dropbox described in Paragraph 39 of the Amended Complaint.

**Answer:**

13.     Please describe in detail the facts surrounding your ending your relationship with Geiger as described in Paragraph 45, including the: (i) date; (ii) manner; and (iii) identifying all documents related to the termination of your relationship.

**Answer:**

## **Verification**

I swear that the foregoing interrogatory answers are true and correct to the best of my knowledge and belief.

CHRISTINE MESSIER

By:_____

Dated: _____

STATE OF FLORIDA          )
                                                     )ss.
COUNTY OF _____  )

The foregoing instrument was subscribed, sworn to and acknowledged before me this _____ day of _____, 2019, by _____, who is personally known to me_____ or who  produced _____ as identification.

NOTARY PUBLIC

Sign:_____

Print:_____
(Seal)                            State of Florida at Large
                                       My commission expires: