UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MADISON CONRADIS and**
**CHRISTINE MESSIER,**

           Plaintiffs,

v.                                    Case No: 6:18-cv-1486-EJK

**CHRISTOPHER BUONOCORE,**

           Defendant.

## ORDER

This cause comes before the Court on Plaintiffs' Motion for Default Judgment ("the Motion"), filed June 30, 2021. (Doc. 197.) Upon consideration, the Motion will be granted.

### I.  BACKGROUND

In August 2011, Plaintiff Madison Conradis posed for photographer Gregory Coleman (the "Photographer") in a manner that made her appear to be nude in the resulting photographs. (Second Amended Complaint, Doc. 138 ¶ 21.) These photographs (hereinafter, "Copyrighted Images") were not for public distribution or exhibition. (*Id.* ¶ 23.) The Photographer stored the Copyrighted Images on an online platform that was vulnerable to hackers. (*Id.* ¶ 25.) In 2018, Conradis and the Photographer "executed an Agreement making both parties joint and exclusive holders of the copyright" in the Copyrighted Images. (*Id.* ¶ 36.)

Defendant Christopher Buonocore created multiple Facebook accounts and, starting in 2015, contacted Conradis through Facebook. (*Id.* ¶ 28.) He indicated that he was in possession of the Copyrighted Images and demanded Conradis send more nude images. (*Id.*) Buonocore also made Facebook posts displaying the Copyrighted Images and encouraging viewers to use those images to extort Conradis. (*Id.* ¶ 29.) Those posts contained Conradis's contact information, including her telephone number and email address. (*Id.* ¶ 30.) When Conradis failed to comply with Buonocore's demands, he disseminated the Copyrighted Images, posted the images on Conradis's business's Facebook page, and shared them with one of Conradis's professional contacts. (*Id.* ¶¶ 31–33.) Aside from sharing the Copyrighted Images, Buonocore encouraged a 4chan user to contact Conradis's place of employment and inform them about the Copyrighted Images. (*Id.* ¶ 34.) Additionally, in the latter half of 2017, Conradis discovered that intimate images of her sister, Plaintiff Christine Messier (hereinafter, the "Intimate Images"), were being shared on the internet. (*Id.* ¶ 42.)

Plaintiffs filed this action alleging, *inter alia*, that a John Doe defendant disseminated copyrighted images of Plaintiffs without their consent. (Doc. 37.) After receiving Doe's identifying information from the internet service providers, Plaintiffs filed a Second Amended Complaint on April 2, 2020 (Doc. 138), naming Christopher Buonocore as the John Doe defendant. After numerous unsuccessful personal service attempts, the Court granted Plaintiffs leave to perform alternative service on Defendant Buonocore. (Doc. 150 at 4–5.) Thereafter, Plaintiffs perfected service on

Defendant Buonocore on May 19, 2020. (Doc. 151.) Therefore, Defendant Buonocore's responsive pleading was due on June 9, 2020. *See* Fed. R. Civ. P. 12(a) (providing that the time for serving a responsive pleading is within 21 days after being served with the pleading).

As of July 22, 2020, Buonocore had not filed a responsive pleading and Plaintiffs had not moved for entry of a Clerk's default. Thus, the Court entered an Order to Show Cause against Plaintiffs as to why the action should not be dismissed for failure to prosecute. (Doc. 152.) Plaintiffs promptly responded, explaining that Buonocore filed for bankruptcy on June 8, 2020, which resulted in an automatic stay in the instant case. (Doc. 153.) They also indicated that they had scheduled a hearing before Buonocore's bankruptcy judge to lift the automatic stay caused by the bankruptcy. (*Id.* ¶ 8.) The Court discharged the Order to Show Cause (Doc. 155) and entered a stay in this action pending resolution of the hearing at the bankruptcy court (Doc. 158.)

Plaintiffs subsequently informed the Court that the bankruptcy court modified the stay, permitting them to "seek injunctive relief and to seek damages for actions taken by [Buonocore] after the Petition Date"; however, Plaintiffs were not permitted to seek "damages for actions taken by [Buonocore] prior to the Petition Date" ("Bankruptcy Order"). (Doc. 159-1.) In light of the Bankruptcy Order, the Court lifted

the stay on September 21, 2020, and permitted Buonocore until September 23, 2020[1] to file his responsive pleading. (Doc. 160.)

The deadline lapsed without a response from Buonocore, and Plaintiff moved for entry of a Clerk's default against Buonocore (Doc. 165), which was entered on November 5, 2020 (Doc. 169). Soon after, Plaintiffs settled with, and voluntarily dismissed, co-defendant Jeffrey Geiger (Doc. 189), and they moved for default judgment against Buonocore. (Doc. 197.)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . survive a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] The deadline was subsequently extended to October 1, 2021. (Doc. 164.)

- 4 -

"Generally, where service of process is insufficient, [a] court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003), *citing Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982) In addition to adequate service of process, the party moving for default judgment must demonstrate that a court has jurisdiction over the parties. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court must assure itself of jurisdiction over the action and the parties."). "The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003).

**A. Personal Jurisdiction**[2]

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendants. Federal Rule of

---

[2] The undersigned previously found that service of process was perfected on Defendants. (Docs. 17.) As such, this Order will not reiterate its findings regarding service of process on these Defendants.

Civil Procedure 4(k)(1)(A) provides that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. . . ." In addition to adequate service of process, the party moving for default judgment must demonstrate that a court has jurisdiction over the parties. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court must assure itself of jurisdiction over the action and the parties."). This requires a showing that "a defendant is within the substantive reach of a forum's jurisdiction under applicable law." *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003).

"'A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "The exercise of jurisdiction must: (1) be appropriate under the state long-arm statute; and (2) not violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *HostLogic Zrt. v. GH Int'l, Inc.*, No. 6:13-cv-982-Orl-36, 2014 WL 2968279, at *5 (M.D. Fla. June 30, 2014) (citing *Diamond Crystal Brands*, 593 F.3d at 1257–58).

The Motion does not cite Florida's long-arm statute, but does state that "[t]he Court has personal jurisdiction over Buonocore because he directed his intentional and tortious acts within the State of Florida, and he knew or should have known these activities would cause harm in Florida." (Doc. 197 at 12.) The Florida long-arm statute grants jurisdiction over persons "[c]omitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2). Moreover, there is no evident violation of the Due Process Clause that would ensue from this Court's exercise of personal jurisdiction over Buonocore. Therefore, the Court finds that Plaintiffs' allegations are sufficient to establish personal jurisdiction over Buonocore.

### B. Venue

Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Plaintiffs allege that a substantial portion of the events giving rise to their claims occurred in the Middle District of Florida. (Doc. 138 ¶ 19.) As such, the undersigned finds that venue is appropriate.

### C. Subject Matter Jurisdiction

Plaintiffs allege that there is federal question jurisdiction over their copyright claim, and diversity and supplemental jurisdiction over the remaining claims. (Doc. 138 ¶¶ 17–19.) Federal question jurisdiction exists in civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *U.S. Bank Nat'l Ass'n v. Windsor*, No. 6:15-cv-1895-Orl-41GJK, 2016 WL 3166851, at *2 (M.D. Fla.

Mar. 14, 2016), *report and recommendation adopted*, 2016 WL 3144143 (M.D. Fla. June 6, 2016). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted); *see also Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). Moreover, 28 U.S.C. § 1338 provides U.S. district courts with "original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights."

Here, the Plaintiffs bring a claim pursuant to the Copyright Act of 1976, 17 U.S.C. § 106, *et seq*. Therefore, this Court has both original and federal question jurisdiction over the claim. As for the remaining claims, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. From the Second Amended Complaint, it is evident that the claims all arise from the same set of facts and give rise to the same case or controversy. Therefore, the Court has supplemental jurisdiction over the remaining claims.

### D. Whether Plaintiffs State a Claim for Relief[3]

The Court finds that Plaintiffs have stated claims against Buonocore for copyright infringement, civil conspiracy, invasion of privacy, intentional infliction of emotional distress, and violation of Florida's Sexual Cyberharassment Law Florida Statute § 784.049. Therefore, they are entitled to default judgment on these claims.

#### i. *Copyright Infringement (Count I)*

To establish copyright infringement, Conradis must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

Upon review of the well-pled allegations set forth above and the supporting Declarations, the Court finds Conradis has made the requisite showing as to each of these elements against Buonocore. Plaintiff alleges that, as of June 28, 2018, she owned the copyright on the Copyrighted Images taken by the Photographer created in 2011. (Doc. 138 ¶ 36.) From 2014–2015, Bounocore posted the Copyrighted Images onto internet platforms, such as 4chan, without permission from Conradis. (*Id.* ¶¶ 33–35, 52.) These allegations are supported by the screenshots of the internet postings containing the Copyrighted Images. (Doc. 197-3.) Conradis's allegations are sufficient to establish copyright infringement. Thus, the Court finds liability is established against Buonocore.

---

[3] Plaintiffs indicate that they are not seeking default judgment on Count III, which is invasion of privacy by intrusion. (Doc. 197 at 13.)

### ii. Civil Conspiracy (Count II)

A claim for civil conspiracy requires: (1) "an agreement between two or more parties," (2) "to do an unlawful act or to do a lawful act by unlawful means," (3) "the doing of some overt act in pursuance of the conspiracy," and (4) "damage to plaintiff as a result of the acts done under the conspiracy." *Cordell Consultant, Inc. Money Purchase Plan & Tr. v. Abbott*, 561 Fed. App'x. 882, 886 (11th Cir. 2014) (quoting *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997)).

Plaintiffs allege that Buonocore encouraged and recruited third parties to share the Nude Images and the Copyrighted Images, and to blackmail Plaintiffs with them, which would violate Florida Statute § 784.049. (Doc. 138 ¶¶ 30, 33–34, 42–43.) As a result of this action, Plaintiffs "have endured grave fear, extreme embarrassment, . . . loss . . . professional opportunities, strain[ed] . . . their personal relationships, and prolonged expense." (*Id.* ¶ 47.) The undersigned finds that Plaintiffs have stated a claim for civil conspiracy and that they are entitled to default judgment on Count II.

### iii. Invasion of Privacy by Publication (Count IV)

To state a claim for invasion of privacy by publication, i.e., "disclosure of private facts," Plaintiffs must show "(1) the publication, (2) of private facts, (3) that are offensive, and (4) are not of public concern." *Tyne ex rel. Tyne v. Time Warner Entm't Co., L.P.*, 204 F. Supp. 2d 1338, 1344 (M.D. Fla. 2002) (quoting *Cape Publ'ns, Inc. v. Hitchner*, 549 So.2d 1374, 1377 (Fla. 1989)). "In determining the extent of the right of privacy, the standard by which the right is measured is based upon a concept of the

man of reasonable sensibility." *Harms v. Miami Daily News, Inc.*, 127 So. 2d 715, 718 (Fla. 3d DCA 1961). "The 'offensiveness' element is satisfied if 'the publicity given to [the plaintiff] is such that a reasonable person would feel justified in feeling seriously aggrieved by it.'" *Smith v. Volusia Cty.*, No. 6:11-cv-35-Orl-28GJK, 2011 WL 1598741, at *6 (M.D. Fla. Apr. 28, 2011) (quoting Restatement (Second) of Torts § 652D cmt. c (1977)) (brackets in original).

Plaintiffs allege that Buonocore shared the Nude and Copyrighted Images, along with Plaintiffs' contact information, on the internet. (Doc. 138 ¶¶ 29, 31, 33, 72–74.) Plaintiffs allege that both the Nude and Copyrighted Images were taken with the intention for private use and not for dissemination online. (*Id.* ¶¶ 23–24.) The Court agrees that a reasonable person would not expect images of this nature to be distributed on the internet. Thus, they do amount to private facts. Moreover, a reasonable person would be justified in feeling aggrieved by the posting of sexually suggestive images of herself on the internet without her permission. Finally, the Court finds that this is not a matter of public concern. Accordingly, Plaintiffs have stated a claim for invasion of privacy and are entitled to default judgment on Count IV.

### iv. *Intentional Infliction of Emotional Distress (Count V)*

To state a claim for intentional inflictions of emotional distress ("IIED") under Florida law, a plaintiff must allege "(1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) proof that the conduct caused the severe emotional distress." *Zabriskie v. City of Kissimmee*, No. 6:10-cv-70-Orl-

19KRS, 2010 WL 3927658, at *3 (M.D. Fla. Oct. 4, 2010) (citing *Gonzalez–Jimenez de Ruiz v. United States*, 231 F. Supp. 2d 1187, 1199 (M.D. Fla. 2002)) (internal quotations omitted).

Buonocore's campaign to blackmail and encourage others to blackmail Plaintiffs constitutes extreme and outrageous conduct. While it is unclear what his intent was, there was at least a reckless disregard of the likelihood that he would cause Plaintiffs emotional distress. To wit, he would brag on social media that he was not sorry and that he wanted to "expose," "harm," and extort Plaintiffs. (Doc. 197-3.) Plaintiffs do not allege what kind of extreme emotional distress they suffered; however, they have filed declarations that detail the extent of the emotional distress. Conradis was diagnosed with Post Traumatic Stress Disorder (Doc. 197-1 ¶ 16) and Messier now has an "adjustment disorder with depression and anxiety" (Doc. 197-2 ¶ 14). These declarations are sufficient proof that Plaintiffs suffered extreme emotional distress. The undersigned finds that Plaintiffs have stated a claim for IIED and that they are entitled to default judgment on Count V.

### v. *Violation of Florida Statute § 784.049 (Count VI)*

Section 784.49 of Florida Statutes criminalizes "sexual cyberharassment." Fla. Stat. § 784.49(3). It also provides victims a private right of action against the person who violated the statute. *Id.* § 784.49(5). Sexual cyberharassment is defined as:

> Publish[ing] to an Internet website or disseminate through electronic means to another person a sexually explicit image of a person that contains or conveys the personal identification information of the depicted person without the depicted person's consent, contrary to the depicted

> person's reasonable expectation that the image would remain private, for no legitimate purpose, with the intent of causing substantial emotional distress to the depicted person.

Fla. Stat. § 784.049(2)(c). A sexually explicit image includes any image depicting nudity or a person engaging in sexual conduct. *Id.* § 784.049(2)(d). There is no question that the Nude and Copyrighted Images are sexually explicit images that were published to the internet without Plaintiffs' consent and in violation of their expectation that the Images would remain private. Moreover, as the Screenshots indicate, Buonocore shared these images for no legitimate purpose and with the explicit intent to harm Plaintiffs. The undersigned finds that Plaintiffs have stated a claim for violation of Florida Statute § 784.049 and that they are entitled to default judgment on Count VI.

### E. Injunctive Relief

Plaintiffs do not request monetary damages. (Doc. 197 at 22.) Instead, they seek a permanent injunction "enjoining [Buonocore] from ever again posting or otherwise using the [Nude and Copyrighted Images] and from disclosing Plaintiffs' name publicly." (Doc. 197 at 23.)

A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

> warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." *Id.*

Applying the four factors here, the Court finds the threat of continued dissemination of the Nude and Copyrighted Images is ongoing, as shown by Buonocore's unrepentant comments in the Screenshots. Plaintiffs have provided evidence of their emotional distress, and if not enjoined, Buonocore could continue to cause Plaintiffs irreparable injury that cannot be fully compensated by a monetary award. Moreover, Buonocore would suffer minimal, if any, hardship as a result of the issuance of the injunction. By contrast, Plaintiffs could incur additional hardships, including further emotional distress and harm to their professional reputation, if Buonocore is not enjoined from engaging in his activity. Finally, there is no indication that the public interest would be disserved by the issuance of a permanent injunction against Buonocore. Therefore, upon review of the well-pled allegations, taken as true, the Court finds that granting a permanent injunction in the form requested Plaintiffs is appropriate.

### III. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** that:

1. Plaintiffs' Motion for Final Default Judgment Against Defendants (Doc. 197) is **GRANTED.**

2. The Clerk shall **ENTER** a final default judgment against Buonocore.

3. Buonocore is **PERMANENTLY ENJOINED** from posting or otherwise using the Nude and Copyrighted Images, or any other images or videos of Plaintiffs.

4. Buonocore is **ORDERED** to remove, or attempt to remove, all Nude and Copyrighted Images from any websites or social media platforms where he posted them, or caused them to be posted, and to destroy any of the Nude and Copyrighted Images in his possession.

5. Buonocore is **FURTHER ORDERED** not to have direct or indirect contact with either Plaintiff, except through an attorney.

6. The Clerk is directed to terminate all other deadlines and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties